

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 27, 1939

Honorable M. L. Cobb
County Attorney
Jackson County
Edna, Texas

Dear Sir:

Opinion No. O-522
Re: Interpretation of Article
7047e, R. C. S.

We are in receipt of your request for an opinion in response to the following question:

"Will you therefore please advise me what tax stamps, if any, should the County Clerk require to be affixed to a chattel mortgage or other instruments named in said act, tendered for registration which does not secure any note or debt for any fixed amount, but secures all debts owing by the mortgagor to the mortgagee and any future advances?"

Article 7047e, (a) Revised Civil Statutes, provides in part:

"Except as herein otherwise provided, there is hereby levied and assessed a tax of ten cents (10¢) on each One Hundred Dollars ($100) or fraction thereof, over the first Two Hundred Dollars ($200), on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; providing that no tax shall be levied on instruments for an amount of Two Hundred Dollars ($200) or less. After the effective date of this Act, except as hereinafter provided, no instrument creating a lien of any character to secure the payment of money, or reserving title to

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

any property until the purchase price thereof shall have been paid, shall be filed or recorded by any County Clerk in this State until there has been affixed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this Section; . . . "

There is no special provision for such a situation as that involved in your question. The above statute has not yet been construed by an appellate court. We have found no decision of any other state court which is helpful on this question.

Future advancements must be disregarded in arriving at the amount of the tax, such advancement being indefinite and incapable of ascertainment. However, the present indebtedness is capable of ascertainment and provides the measure of the tax. The holder of the mortgage is not entitled to have the instrument recorded without placing stamps upon the instrument at the rate of ten cents per $100.00 above the first $200.00 of the indebtedness secured. The clerk is forbidden to file the mortgage without it is so stamped.

The State being interested in the amount of the indebtedness is entitled to have the mortgagee's statement showing the same. Since the County Clerk is burdened with the duty of rejecting any such instrument not properly stamped, it logically follows that he has the duty of obtaining such statement. The mortgagee can have no complaint with such requirement.

We answer your question by saying that the clerk should require the mortgagee to furnish a written, signed statement of the amount of the indebtedness, from which the amount of stamps should be figured.

Yours very truly

ATTORNEY GENERAL OF TEXAS

Approved

/s/ W. P. Merre
First Assistant
Attorney General

By /s/

Glenn R. Lewis
Assistant

GRL:N